IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALEXA CRUSINBERRY, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>KOCH BUSINESS SOLUTIONS, LP, )<br>)<br>Defendant. )<br>) | Case No: 6:17-cv-01248-JTM-KGS |

<u>AGREED PROTECTIVE ORDER</u>

Upon the stipulation and agreement of the Parties, and it appearing to the Court that:

A.   The Parties will engage in discovery in this case related to Plaintiff's allegations of interference with her rights in violation of the Family and Medical Leave Act of 1993 ("FMLA"), as amended, at 29 U.S.C. § 2601 *et seq.*. The discovery in this case may require the production of documents, the inspection of tangible things, the answering of interrogatories and requests to admit, and the taking of oral and/or written depositions;

B.   In the course of discovery, confidential personnel, medical, financial and/or other confidential information is likely to be produced by the Parties or other Persons or entities;

C.   The Parties are interested in permitting discovery to proceed without delay occasioned by possible disputes about the confidential nature of the documents and/or information being produced;

D.   The Parties, pursuant to agreement, have applied to the Court for this Agreed Protective Order limiting the disclosure of confidential documents and/or information produced in this matter and have stipulated hereto;

E.   Federal Rule of Civil Procedure 26(c) provides for the issuance of a protective order limiting the disclosure and use of information and documents for good cause; and

F.      Good cause exists for the issuance of this Agreed Protective Order.

IT IS HEREBY ORDERED THAT:

1.      The following definitions shall apply for purposes of this Agreed Protective Order:

    a.      The term "Confidential Information" shall mean all documents, data, interrogatory answers, admissions or other discovery materials produced or obtained as a result of discovery concerning Plaintiff's claims in this litigation (including deposition transcripts and including discovery obtained from third parties) designated by any Party as "Confidential" in some manner and containing or comprising of confidential personnel, financial, or medical information of Plaintiff and/or Defendant's employees, and confidential or private information concerning trade secrets of Defendant and/or information Defendant is required to keep private by applicable law or regulations.

    b.      The term "Person" shall mean any natural person and any corporation, partnership, association, or other entity.

    c.      The term "Party" or "Parties" shall mean plaintiff Alexa Crusinberry ("Plaintiff"), defendant Koch Business Solutions, LP ("Defendant"), and any other Person that may become a named party to this case.

    d.      The term "Designating Person" shall mean the Person or Party responsible for producing any material that is designated as confidential.

2.      A document may be designated as Confidential Information by either stamping or marking it "CONFIDENTIAL," "SUBJECT TO PROTECTIVE ORDER," or "PROTECTED DOCUMENT," or otherwise identifying it as "proprietary" or "confidential" by the use of these words or other similar language. Deposition testimony may be designated as "Confidential Information" by identifying the relevant portions on the record at the deposition or by sending

written notice specifying those portions to each Party within 21 days of the date the transcript of those portions of the deposition is received by the Designating Person.

3. Except with the prior written consent of the Designating Person, Confidential Information may not be copied and/or disclosed to any Person other than:

a. A Party, including any officer, director, employee, agent, or representative of, or attorney for a Party;

b. The Judge presiding in this case, the Judge's staff, such employees of the Court as directed by the Judge, and members of the jury;

c. Counsel of record for a Party and their legal associates, paralegals, and administrative staff;

d. In-house counsel for a Party and their paralegals and office staff;

e. Employees of a Party whose job responsibilities and special knowledge relate to the subject matter of that Confidential Information;

f. Court reporters and videographers and related staff employed by such service providers.

g. Independent document reproduction services or document recording and retrieval services.

h. Outside experts, consultants, advisors, and analysts retained or consulted for the purpose of assisting a Party in the preparation and trial of this case. This category of individuals does not include Persons informally consulted for assistance with preparation and trial of this case and is instead limited solely to Persons that are formally retained and consulted, such as licensed attorneys, medical experts, financial advisors and analysts, or others whose

primary expertise or employment is to provide assistance or consulting of the nature requested or provided.

    i.  Witnesses being deposed; and

    j.  The Parties to and corresponding persons identified in Paragraphs 3(a) through (i) above, involved in Case No. 6:17-cv-01248-JTM-KGS, *Alexa Crusinberry v. Koch Business Solutions, LP*, filed in the United States District Court for the District of Kansas.

  4.  To the extent any Confidential Information is disclosed to a non-Party as provided in Sections 3(h) and (i) above, said individuals shall be informed of the confidential nature of the material, be provided with a copy of this Protective Order, and indicate their understanding and intent to be bound by the order.

  5.  All Confidential Information shall be used and disclosed solely for the purposes of the preparation and trial of this case and shall not be used or disclosed for any other purpose, unless ordered by this Court, or another Court with jurisdiction, or any administrative agency with jurisdiction.

  6.  In the event that a Party disputes the propriety of the designation of any material or information as confidential, the Parties shall engage in good faith efforts to resolve the dispute. In the event the Parties cannot agree whether material or information is properly designated as confidential, the Party objecting to the designation shall have fourteen (14) days from the declaration of impasse to file a motion with the Court. The Party seeking the confidential designation bears the burden of demonstrating to the Court that the material should be treated as confidential. Disputed material shall be treated as Confidential Information pending a ruling from the Court. The fourteen-day period shall run from the notice in writing by either Party that the disputed designation cannot be resolved without Court intervention.

7. Final resolution of this matter, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure imposed by this Order. The Parties agree that Confidential Information may be used to defend ethical or other complaints arising after the final resolution of this matter.

8. Nothing in this Order shall:

   a. Restrict the right of any Party to disclose any Confidential Information produced or provided by that Party to any other Person;

   b. Restrict the right of any Party to use any Confidential Information in any hearing or trial in this case;

   c. Prevent any Party from objecting to discovery that the Party believes is improper for any reason;

   d. Preclude any Party from seeking or applying any further or additional protection for Confidential Information not provided in this Order;

   e. Alter the Parties' requirements to comply with the Court's administrative procedures for electronic filing of documents under seal.

9. Any notice to a Party required by this Order may be given by notifying that Party's counsel of record in this case or the Party directly if the Party is not represented by counsel. Any act by a Party required by this Order may be performed by that Party's counsel of record in this case or the Party directly if the Party is not represented by counsel.

10. The following procedures shall relate to the handling of inadvertently produced documents or information that may be privileged:

   The Parties agree that they will cooperate with each other regarding materials that may be attorney-client privileged or work product. To the extent any protected materials

inadvertently are produced by one party to another, said inadvertent disclosure alone will not be deemed a waiver of otherwise applicable privilege(s).  In the event that a Party or third party inadvertently produces information that they believe is protected by the attorney-client privilege, work product doctrine or any other privilege, within a reasonable time after the producing Party or third party discovers the inadvertent disclosure, the producing Party or third party may make a written request to the other Parties to return the inadvertently produced privileged document.  Upon receipt of written request for return of inadvertently produced privileged materials, the receiving party or parties shall within five business days either (1) return all copies of the materials; or, if the claimed privilege is contested, (2) so advise the producing party and segregate the materials pending resolution of the dispute.  If a dispute arises regarding the privileged nature of any materials, the matter shall be presented promptly and cooperatively to the Court for consideration.  Once inadvertent disclosure of materials is asserted, no further use of the materials shall be made unless and until the Court issues an Order that the materials are not protected by privilege or may otherwise be used in the case.

11. After final resolution of the litigation, including exhaustion of all appellate remedies, all material not received in evidence and treated as confidential under this Order must be returned to the producing Party or destroyed upon request.  These provisions apply to the Parties as well as to non-Parties identified in Paragraph 3 above.

IT IS SO ORDERED this 3rd day of January, 2018.

s/ K. Gary Sebelius
United States Magistrate Judge